Mr. Justice MacArthur
delivered the. opinion of the court:
The plaintiff was employed as an architect by the board of trustees of colored schools of Washington and Georgetown, to do work as such on the Sumner school building, and also on the O-street, the Stevens, and Lincoln schoolhouses, in this city. His account amounted to $3,255, upon which he had received the sum of $1,100. Henry Johnson, chairman of the subboard of' colored schools and trustee and president of the board and William H. Wormley approved of the account, and Johnson certified that it had not been paid. The defendant has interposed a demurrer, which of course admits the indebtedness and its non-payment, but it proceeds upon the assumption that the trustees alone could sue, and that the District was not fiable to a creditor. The acts of June 25, 1864, and of July 23, 1866, make provision that the proper authorities of the District are to set apart, from the whole fund received from all sources for the support of schools, such a proportionate part as the number of colored children bears to the whole number of children in the District, and shall pay the same to the treasurer of the board of trustees of schools for colored children, and said trustees are authorized to maintain an action in the supreme court of the District against the District for the non-payment of any sum of money belonging to such proportion of the school-fund. The question raised by the demurrer is, whether the remedy of the trustees'excludes the *493 right of a creditor to sue the District. We think the decision of the Supreme Court of the United States in the case of Barnes vs. The District of Columbia disposes of this point in favor of the plaintiff. It was there held that the board of public works was a part of the municipal corporation created by the act of February 21,1871, (16 Stats., 419,) and that the District of Columbia is responsible to an individual who has suffered injury from their want of care. The board, of public works were invested with the entire control of the streets; they were appointed by the President, by and with the consent of the Senate. They were subject to removal by the President, and received their compensation from the United States. And, notwithstanding these circumstances,it was decided that they were acting for and on behalf of the corporation, and that it was a matter of no-consequence from what source they derived their powers or by whom they were paid. The principle seems applicable to the present case. At the time the services of the plaintiff were rendered there was a board of trustees of colored schools, created by act of Congress, and the vacancies in which were to be filled by the Secretary of the Interior. This board had the control of the fund applicable to the maintenance of colored schools, just as the board of public works had control of the streets and avenues in the city, and in both cases the officers were appointed to perform a municipal duty by a power uncontrollable by the corporation. If it can be said that one body rep-represents the city, the same is equally true of the other, and, the law requiring payment by the District to the board of moneys for said fund, and giving to the board an action of debt against the cities of Washington and Georgetown upon default of payment, cannot affect the rights of creditors. That was a mode of compelling the cities to such a distribution of the school-fund as would secure to colored children the advantages of education at a time when, perhaps, there was a reluctance to expend money for that purpose. In the case referred to, the court was of opinion that the action by an individual could be maintained against the District although the board of public works were appointed by the President with the consent of t-he Senate, and that the manner of their appointment and the source from which they *494 received.compensation were unimportant considerations, so long as they acted as agents or representatives of the city. We cannot see why this reasoning is not decisive of the case at bar. If the trustees can sue by force of the statute, it is because the District is liable; but surely the party on whose account the liability exists can sue independently of the statute,, unless expressly prohibited. We think the case, ought to be tried on its merits, and therefore overrule the demurrer, with leave to the defendant to plead over within twenty days, and the cause to be placed on the calendar in the order of its issue.